VIOLA M. ECKERT, PETITIONER-DEFENDANT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT-PROSECUTOR.

MARION MEURY, PETITIONER-DEFENDANT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT-PROSECUTOR.

Argued May 5, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Walter D. Van Riper* and *William K. Miller.*

For the petitioners-defendants, *Moore & Moore, Arthur D. McTighe* and *Samuel L. Shapiro.*

The opinion of the court was delivered by

DONGES, J. These cases present an identical question of law although they arise from different factual backgrounds. In each case the petitioner respondent is the widow of an employee of the State Highway Department who lost his life as the result of an accident. It is admitted that both former employees suffered instant death as the result of accidents arising out of and in the course of their employment and that the state had due notice thereof. After the deaths of the employees the respondents, on behalf of themselves and other dependents, filed application for pensions under the State

Employees' Retirement System and the pensions sought were granted and have since been paid.

Thereafter the petitioners-respondents made claims for compensation under the Workmen's Compensation Act, which admittedly applies to employees of the State Highway Department, which claims were resisted by the Department upon the ground that "there is no legislative authority which expressly permits the payment of both pension and workmen's compensation benefits to a public employee or to his dependents" and that the election to receive a pension under the Retirement System is a bar to claim for compensation under the Compensation Act.

The Compensation Bureau allowed the claim in each case and the Court of Common Pleas of Sussex County, in one case, and the Court of Common Pleas of Atlantic County in the other, affirmed. Following this *certioraris* were allowed and the cases are now presented together.

The same arguments are made here, namely, the lack of express authority for the payment of both pension and compensation to a "public employee permanently disabled or to his dependents in the event of his death," and that dependents of an employee killed who elect to receive a pension are thereafter precluded from compensation benefits.

It is true that there is no express permission to receive both payments in the case either of employee or dependents of a deceased employee, but in the case of a permanently disabled employee there is an express prohibition against the reception of both benefits. This is contained in the language of *R. S.* 34:15–43, wherein it is provided, "Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability." There is no such express prohibition against the receipt of both pension and compensation by dependents of a deceased employee and the omission to provide such a prohibition is of significance in view of the fact that it is provided in the case of retired employees.

It is argued that the respondents are receiving double compensation, but we think that is not so. The claims are different in their nature. It was said in *DeLorenzo* v. *Newark,*

134 *N. J. L.* 7, "We agree with the court below that what the plaintiff 'receives under the Pension Act is a reward for past services and safeguard against want in old age; what he receives under the Workmen's Compensation Act is compensation for the disability resulting from the injury he sustained.'" The payments from the pension fund are in the nature of payments from an insurance fund. The fund was created in part by contributions from the salaries of the deceased workmen. The fact that the fund was created in part by the state does not mean that the dependents are now being doubly compensated by the state.

We concur in the conclusions of the Courts of Common Pleas and the Workmen's Compensation Bureau and are of the opinion that the writs should be dismissed.

Mr. Justice Eastwood dissents.